```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

MONICA CLARK, et al.                :

                                    :

    v.                              : Civil Action No. DKC 2005-0103

                                    :

CREATIVE HAIRDRESSERS, INC.,
et al.                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this discrimination case is Plaintiffs' motion for reconsideration of the court's November 9, 2005, Order. (Paper 63). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court denies Plaintiffs' motion.

In the complaint, Plaintiffs asserted claims against Defendants for violation of 42 U.S.C. § 1981. Plaintiffs alleged that Defendants have a pattern and practice of discriminating against African-Americans, and that, because of their race, Plaintiffs were denied service, received delayed service, were charged a higher fee, or were otherwise mistreated when they visited multiple Hair Cuttery locations in Maryland and Virginia.

On November 9, 2005, this court issued an Order and an accompanying Memorandum Opinion, which resolved multiple pending motions. The court: (a) denied Plaintiffs' motion for class certification; (b) denied Defendants' motion to strike exhibit H from Plaintiffs' class certification motion; (c) granted

Defendants' motion for summary judgment; and (d) denied as moot Plaintiffs' motion to amend the complaint to add additional plaintiffs, Plaintiffs' motion for a preliminary injunction, and Plaintiffs' objections to Magistrate Judge Connelly's October 7, 2005, discovery Order.  Plaintiffs filed a motion for reconsideration on November 21, 2005.

## I.  Standard of Review

Plaintiffs did not initially specify the Federal Rule of Civil Procedure pursuant to which they sought relief, instead merely referring to Local Rule 105.10.  In their reply memorandum, Plaintiffs cite both Fed.R.Civ.P. 59(e) and 60(b).  Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than ten days after the entry of judgment.  In *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978), the United States Court of Appeals for the Fourth Circuit stated that "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment, it should be treated as a motion under 59(e), however it may be formally styled."  This approach is consistent with the overwhelming weight of authority.  *See Shapiro ex re. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004); *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 136-37 (2nd Cir. 2000); *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997); *United States v. Deutsch*, 981 F.2d 299, 300-01 (7th Cir. 1992); *Ross v.*

*Global Marine, Inc.*, 859 F.2d 336, 338-39 (5th Cir. 1988); *Finch v. City of Vernon*, 845 F.2d 256, 258-59 (11th Cir. 1988); *Rankin v. Heckler*, 761 F.2d 936, 942 (3rd Cir. 1985). Plaintiffs' motion was filed within ten days after the entry of judgment and it questions the correctness of the court's earlier ruling. Accordingly, the court will apply the Rule 59(e) standards.[1]

The Fourth Circuit, in a very recent case, confirmed that a Rule 59(e) motion will be granted in three circumstances:

> "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 19[9]8). If relying on new evidence, "a party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (internal quotation marks omitted).

*Ingle v. Yelton*, __ F.3d __, No. 05-1556, 2006 WL 553982, at *6 (4th Cir. Mar. 8, 2006). The Fourth Circuit has noted that "'reconsideration of a judgment after its entry is an extraordinary

---

[1] A motion under Rule 59(e) tolls the time for appeal, while a motion under Rule 60(b) does not. Moreover, it is highly unlikely that Plaintiffs' motion would succeed under Rule 60(b), because Plaintiffs fail to make any attempt to meet the stringent requirements of the rule. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (stating that, in addition to satisfying one of the six grounds for relief set forth in Rule 60(b), a party must also "show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside").

3

remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, *Am. Nat. Fire Ins. Co. v. Pac. Ins. Co.*, 525 U.S. 1104 (1999) (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2nd ed. 1995). The purpose of a Rule 59(e) motion is not "to enable a party to complete presenting his case after the court has ruled against him" or to "relitigate old matters." *Pac. Ins. Co.*, 148 F.3d at 396 (internal quotation marks omitted).

## II. Analysis

### A. Motion for Summary Judgment

Plaintiffs assert that the court should reconsider its ruling on Defendants' summary judgment motion based on new evidence not previously available, and because the court made clear errors of law in rendering its decision. Specifically, Plaintiffs maintain: (1) the court made a clear error of law when it did not view the evidence in the light most favorable to Plaintiff; (2) the court made a clear error of law when it determined that Plaintiffs had not proffered sufficient evidence to overcome Defendants' nondiscriminatory reasons; (3) the court incorrectly concluded that Plaintiff Monica Clark failed to state a *prima facie* case of discrimination with regard to each incident alleged in the complaint; (4) the court erred in its conclusion that Plaintiffs failed to provide adequate evidence of a pattern and practice of discrimination; and (5) the court improperly granted summary

judgment despite the need for additional discovery and Defendants' reluctance to comply with discovery requests.  For the most part, Plaintiffs' arguments are merely an attempt to relitigate matters already resolved and could be rejected without extended discussion.  The court will, nevertheless, address the issues raised.

**1.  Error in construing the facts**

Plaintiffs first assert that the court failed to view the evidence in the light most favorable to Plaintiffs.  With regard to Plaintiff Monica Clark, Plaintiffs maintain that the court erred because it disregarded Ms. Clark's affidavit that her hair was not past her shoulders.  Plaintiffs misinterpret the court's opinion.  For purposes of resolving Defendants' motion for summary judgment, the court accepted as true Ms. Clark's assertion that her hair was not past her shoulders and therefore, that the extra long hair fee was not applicable to her.  Defendants' nondiscriminatory reason for the extra charge, which was supported by deposition testimony, was that Defendants believed Ms. Clark's hair was past her shoulders.  The court concluded that Plaintiffs had not offered any evidence to show that not only were Defendants mistaken, *but also* that the real reason for the overcharge was because of Ms. Clark's race.  To the extent that Plaintiffs assert they did not have the burden of establishing that Defendants' nondiscriminatory reason was a pretext for race discrimination, or that Plaintiffs needed to show only that Defendants' asserted reason was false, Plaintiffs

5

are mistaken as a matter of law.[2]  Under the *McDonnell-Douglas* burden shifting scheme, after the defendant provides a legitimate nondiscriminatory reason for the disputed action, the presumption of discrimination raised by the plaintiff's *prima facie* case drops out.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).  A plaintiff then must show that the nondiscriminatory reason was a pretext for discrimination.  Although evidence that the defendant's reason is false may be sufficient to meet the plaintiff's burden, a showing of falsity may not always be adequate, and a court may require more.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (citing *Burdine*, 450 U.S. at 253).  Hence, although the court accepted that Ms. Clark's hair was not long enough to warrant the extra fee, it

---

[2] Plaintiffs rely on two cases in support of their contention that summary judgment was improper because Defendants' intent was an issue of material fact.  Both cases can be distinguished.  In *Afzal v. Atlantic Coast Airlines, Inc.*, 176 F.3d 475, No. 98-1011,1999 WL 218727 (4th Cir. Apr. 15, 1999) (unpublished), the court found that summary judgment was precluded where intent was at issue, but the plaintiff in *Afzal* offered direct evidence that the defendant failed him on an oral examination because of his national origin.  Here, Plaintiffs do not proffer any evidence that Ms. Clark was overcharged because of her race.  In *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 142-44 (4th Cir. 1979), an antitrust case, the court found that summary judgment was not appropriate where there were issues of intent regarding the development and use of a "flat rate manual."  However, there was evidence showing that the manual was used in violation of antitrust law.  As noted, Plaintiffs fail to offer any evidence to show that the real reason Ms. Clark was charged the fee for long hair was because she was African-American.

found that Plaintiffs did not satisfy their burden because they failed to offer any evidence to show that Ms. Clark was overcharged because of her race.

Plaintiffs also assert that the court did not properly view the facts with regard to Plaintiff Leslie Mercer. Plaintiffs maintain that although Defendants offered multiple nondiscriminatory reasons for denying service to Ms. Mercer, their evidence is unreliable and speculative. Plaintiffs state that the court was wrong to require Plaintiffs to proffer evidence to show intentional discrimination and that, at best, there was a genuine issue of material fact as to the stylist's intent, which precludes summary judgment. Again, Plaintiffs misconstrue the applicable legal standard. It is Plaintiffs' burden to show that Defendants' nondiscriminatory reason is a pretext for discrimination. As the court noted in its earlier opinion, Plaintiff Mercer failed to allege that Defendants' reasons were false, let alone offer any additional evidence to show the reasons were a pretext for discrimination.[3]

---

[3] Plaintiffs did not address Defendants' specific reasons for denying service to Ms. Mercer in their opposition memorandum. Instead, Plaintiffs relied on Defendants' alleged pattern and practice of discrimination to support their assertion that "any" nondiscriminatory reason Defendants offered would be pretextual. However, Plaintiffs' argument fails because Plaintiffs have not offered evidence sufficient to establish the existence of a pattern and practice of discrimination. See discussion infra, at 12-13.

## 2. Error in determining Plaintiffs' burden

Plaintiffs maintain that the court failed to apply the proper legal standard in determining whether they had proffered evidence sufficient to show that Defendants' nondiscriminatory reasons were a pretext for discrimination. Plaintiffs assert that the court improperly relied on *Reeves*, 530 U.S. at 143 and *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515 (1993), which state that a plaintiff must prove pretext by a "preponderance of the evidence." Plaintiffs argue that these cases provide the "plaintiff's burden of proof within the *McDonnell Douglas* burden shifting framework, at trial - not at the summary judgment phase." (Paper 63, at 9). Plaintiffs rely on *Sorba v. Pennsylvania Drilling Co.*, 821 F.2d 200, 205 (3rd Cir. 1987), *cert denied*, 484 U.S. 1019 (1988), for the proposition that at the summary judgment phase, "a plaintiff who has made a *prima facie* showing of discrimination, need only point to evidence establishing a *reasonable inference* that the [defendant's] proffered explanation is unworthy of credence." *Sorba*, 821 F.2d at 205 (emphasis added). Plaintiffs state that they have established a reasonable inference that Defendants' explanations are false or pretextual by providing evidence that Defendants have a pattern and practice of discrimination.[4]

---

[4] As noted, to the extent that Plaintiffs maintain that falsity is necessarily sufficient to meet their burden, they are incorrect. *See Burdine*, 450 U.S. at 253.

The court first notes that neither *Hicks* nor *Reeves* distinguished between a plaintiff's burden at the summary judgment phase versus a plaintiff's burden at trial. Any distinction that the court in *Sorba* may have made in this regard has not been adopted by the Fourth Circuit or by this court. *See Hill v. Lockheed Martin Logistics Mgmt. Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (noting that to avoid summary judgment, a plaintiff must show by a preponderance of the evidence that the defendant's nondiscriminatory reason is a pretext for discrimination); *Orenge v. Veneman*, 218 F.Supp.2d 758, 765 (D.Md. 2002) (same). Moreover, as the court noted in its earlier opinion, Plaintiffs fail to forecast sufficient evidence to show that Defendants have a pattern and practice of discrimination. Thus, any argument premised on this assertion must fail. *See* discussion *infra*, at 12-13 (concluding that Plaintiffs' "new evidence" does not establish a pattern and practice of discrimination).

**3. Error in determining Ms. Clark failed to state a *prima facie* case**

Plaintiffs assert that the court erred when it concluded that Ms. Clark failed to state a *prima facie* case when she alleged she was received delayed service because this is a cognizable § 1981 claim. To the extent that Plaintiffs are simply trying to reargue the case, they are not permitted to do so. To the extent that Plaintiffs are arguing that the court committed a clear error of law, the court does not agree.

9

In the November 9, 2005, opinion, the court concluded that Ms. Clark failed to state a *prima facie* case of discrimination with regard to her visits to the Waldorf, Maryland and the Potomac Yard, Virginia, salons because she did not assert that her "*right* to contract had been impeded, thwarted, or deterred in some way," but instead alleged facts sufficient to show only that her enjoyment of the contracting experience was impacted. *See Baltimore-Clark v. Kinko's, Inc.*, 270 F.Supp.2d 695, 699 (D.Md. 2003).

In the complaint, Ms. Clark stated that when she visited the Waldorf, Maryland, location, she was forced to wait for service while a Caucasian customer who entered the salon after her was helped immediately. However, Ms. Clark acknowledged that she did not know if the other customer had an appointment, requested a particular stylist, or was a regular customer. Moreover, once she notified an employee that she was waiting, she was helped immediately. At the Potomac Yard, Virginia, salon, Ms. Clark alleged that a stylist quoted her a price that was more than she normally paid, and when she questioned the charge, the stylist refused to service her and then waited on a Caucasian man. Ms. Clark complained to the manager, who then had another stylist serve her.

As the court noted in its earlier opinion, Ms. Clark does not allege facts sufficient to show that her right to contract was impeded, thwarted, or deterred. On both occasions in question, she experienced a brief delay and then received the service that she

asked for, at the price she requested.  Such a delay may impact the enjoyment of her contracting experience, but it does not rise to the level of establishing a § 1981 claim.  *See Baltimore-Clark*, 270 F.Supp.2d at 699; *Harris v. Creative Hairdressers, Inc.*, No. Civ. JFM-04-1992, 2005 WL 2138128, at *3 (D.Md. Sept. 2, 2005).  *See also Arguello v. Conoco, Inc.*, 330 F.3d 355, 358-59 (5th Cir. 2003), *cert. denied*, 540 U.S. 1035 (2003); *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1118 (10th Cir. 2001), *cert. denied, Dillard Dep't Stores, Inc. v. Hampton*, 534 U.S. 1131 (2002); *Morris v. Office Max, Inc.*, 89 F.3d 411, 414 (7th Cir. 1996); *Bobbitt v. Rage Inc.*, 19 F.Supp.2d 512, 518 (W.D.N.C. 1998).[5]

## 4. Error in concluding insufficient evidence of a pattern and practice

Plaintiffs maintain that the court erred in concluding Plaintiffs did not proffer adequate evidence of a pattern and practice of discrimination to show that the Defendants' nondiscriminatory reasons were pretextual.  In its earlier opinion, the court articulated in detail why Plaintiffs failed to present sufficient evidence of a pattern and practice of discrimination.[6]  Any attempt to relitigate the issue based on the evidence

---

[5] The court does not agree with Plaintiffs' assertion that its interpretation of the holdings in *Baltimore-Clark* and *Gilyard v. Northlake Foods, Inc.*, 367 F.Supp.2d 1008 (E.D.Va. 2005) was incorrect.

[6] Plaintiffs wrongly assert that whether a pattern and practice exists is necessarily for the jury to decide in all instances.

11

previously in the record is inappropriate at this procedural juncture.

Plaintiffs do, however, assert that "newly discovered" evidence shows that a pattern and practice exists. Plaintiffs obtained this new evidence through discovery, shortly before the court issued its November 9, 2005, Order and Memorandum Opinion. Plaintiffs maintain that they had not had a chance to parse through the numerous documents and supplement their filings before the court issued a ruling. Plaintiffs proffer multiple complaints of discrimination, along with a chart that lists customer complaints.[7] This "new evidence" suffers from the same deficiencies as the evidence Plaintiffs previously proffered – it does not show that Defendants' have a standard operating procedure of discrimination. If anything, the new evidence highlights the wide variety of complaints Hair Cuttery receives.[8] The complaints include allegations of reverse discrimination against Caucasians, as well

---

[7] Plaintiffs also provide internal Hair Cuttery disciplinary reports. Although there are multiple reports, all appear to pertain to the same incident. The reports indicate that one employee was terminated as a result of the incident, and sixteen others were reprimanded. These reports reinforce the court's earlier conclusion that Defendants do not have a standard operating procedure of discrimination.

[8] The chart itself does not provide any description of the alleged incidents, although brief descriptions of eleven of the incidents are attached to the chart. The descriptions of these eleven incidents reinforce the diversity of the complaints, and include allegations that a stylist tried to burn a complainant's daughter while fixing her hair, and a complaint that a customer overheard a nearby stylist derogatorily refer to African-Americans while she was having her hair done.

as discrimination against Hispanics.  There are also wide factual variations in the complaints.  For example, one woman alleged she was discriminated against because she thought that salon management was unhappy when the stylist spent too much time serving her; another complainant states that the stylist was rude to her and wanted to physically assault her; and some complained that they weren't satisfied with how their hair looked after the service. Finally, multiple customers who complained stated that they have frequented Defendants' salons on innumerable occasions without incident, giving added support that Defendants do not have a unified policy of discrimination.

## 5. Error in granting summary judgment despite request for discovery

Plaintiffs first assert that they were not required to file a Rule 56(f) affidavit to support their discovery request because they made the court aware of their discovery needs through their motion to compel discovery, which was pending when Defendants' summary judgment motion was filed.  To the extent that Plaintiffs maintain that they were somehow penalized for their failure to file an affidavit, they misread the court's earlier opinion.  Although the court noted that failure to file an affidavit is sufficient grounds to deny a 56(f) motion, *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-46 (4th Cir. 2002), it also emphasized that an affidavit is not absolutely necessary.  More importantly, the court did not deny Plaintiffs' request based on

13

their failure to file an affidavit; the court denied the request because it was overbroad and akin to a fishing expedition.

Plaintiffs also maintain that the court improperly penalized them for not supplementing the record with evidence of a pattern and practice of discrimination when substantial discovery had taken place while the motion for summary judgment was pending. Plaintiffs assert that Defendants did not immediately provide the requested discovery and that this delay prevented Plaintiffs from properly supplementing the record prior to the issuance of the court's November 9, 2005, ruling. Even assuming that the court unfairly criticized Plaintiff for not supplementing the record, the court has considered the "new evidence" Plaintiffs now offer based on this belated discovery. As noted, this evidence does not alter the court's earlier ruling, and in fact reinforces the court's conclusions.

Finally, Plaintiffs state that they "reasonably anticipate" that further discovery would "bolster their argument that Defendants engage in a pattern and practice of discrimination against African-Americans." Plaintiffs' speculation that additional discovery requests would enable them to uncover a pattern and practice of discrimination is an insufficient basis for the court to reconsider its earlier ruling.

**B. Motion for Class Certification**

Plaintiffs assert that the court erred when it concluded that Plaintiffs did not meet either the commonality or the typicality

14

elements necessary for class certification.  Although Plaintiffs do not specify the basis for the reconsideration request in their motion, in their reply memorandum, Plaintiffs state that the court should reconsider its ruling on the class certification issue in order to prevent manifest injustice.

Plaintiffs, in their motion for reconsideration, attempt to redefine the class they seek to certify.  In the motion for class certification, Plaintiffs defined the class as:  "African-American women who sought or attempted to seek services at Hair Cuttery salons and were either (1) denied service, (2) received delayed service, (3) were charged more for services than non-African-American customers, and/or 4) were otherwise mistreated by the Defendants, because they were African-American women."  Plaintiffs now offer a revised definition of the class, which omits the fourth category.  The class Plaintiffs now seek to certify are "[A]ll African-American women who have either patronized or attempted to patronize a Hair Cuttery salon and who were either (1) denied service altogether; (2) denied service by being passed over for non-African-American customers, and/or (3) were charged more for services than non-African American customers."[9]  Moreover, in the motion for reconsideration, Plaintiffs bifurcate the class into two

---

[9] To explain this omission, Plaintiffs, in a footnote, state that they "have never sought recovery for being 'otherwise mistreated'" and that "[t]his was a phrase that was inartfully included in Plaintiffs' Motion for Class Certification."

15

groups - "the denied/delayed service group" and "the overcharged group" - and argue that if necessary, the court could create two subclasses to cure any "minor factual differences."

A motion for reconsideration is not the proper avenue to re-think litigation strategy or assert arguments that could have been made previously. Plaintiffs will not now be heard to redefine the class they seek to certify or to relitigate issues the court has already considered. *Pac. Ins. Co.*, 148 F.3d at 396. Moreover, even assuming the fourth "group" was omitted from consideration, Plaintiffs still fail to satisfy the commonality and typicality requirements necessary to certify the class. As the court noted in its earlier opinion, there are significant differences between the two named plaintiffs, Ms. Clark and Ms. Mercer. In addition, Plaintiffs fail to allege evidence of a unified policy of discrimination, or centralized discriminatory decision-making; the new evidence Plaintiffs proffer does not change this result.[10] The court need not reconsider its earlier ruling to prevent manifest injustice.

---

[10] Plaintiffs devote a significant amount of their discussion to relitigating the class certification issue. As noted, the purpose of a motion for reconsideration is not "to enable a party to complete presenting his case after the court has ruled against him" or to "relitigate old matters." *Pac. Ins. Co.*, 148 F.3d at 396. (internal quotation marks omitted).

## III.  Conclusion

For the reasons stated, the court will deny Plaintiffs' motion for reconsideration.  A separate Order will follow.

                                    /s/
                              DEBORAH K. CHASANOW
                              United States District Judge